UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE McDONALD,

        Plaintiff,

v.

CYNTHIA BRIGGS, *et al*,

        Defendants.
_____/

Case No. 08-11731

Stephen J. Murphy, III
U.S. District Judge

Michael Hluchaniuk
U.S. Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTIONS
## FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE

This matter is before the Court on plaintiff's motions for appointment of counsel. (Dkt. 6, 18). Plaintiff, an inmate currently at the Gus Harrison Correctional Facility, brings this action under 42 U.S.C. § 1983, claiming a violations of his rights under the United States Constitution. (Dkt. 1). Plaintiff alleges that he has been subject to unconstitutional harassment and retaliation, based on his sexual preference. *Id*. On July 2, 2008, this case was referred to the undersigned for all pretrial purposes by the District Court. (Dkt. 17).

Plaintiff does not offer any argument or evidence to support of his requests for counsel, and merely asks for counsel to be appointed because he has a civil rights complaint pending. (Dkt. 6, 18). Under 28 U.S.C. § 1915(e)(1), a federal

1

court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 261 (6th Cir. 1992). Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. In order to make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also, Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

It appears that, from reading the complaint, plaintiff has an adequate understanding of the issues and matters involved in this case, and is able to articulate the claims and arguments in a reasonable fashion. It also appears that the issues raised in his complaint are straightforward and understandable and not of an unduly complex nature. Further, plaintiff offers no basis, at this time, for the Court to appoint counsel. Should dispositive motion(s) later be decided in plaintiff's favor, plaintiff may re-file the motion for the appointment of counsel. Therefore, plaintiff's motions for appointment of counsel are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

Date: September 5, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following:Clifton B. Schneider , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Lawrence McDonald, # 358328, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov