UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE McDONALD,

           Plaintiff,

v.

CYNTHIA BRIGGS, *et al*,

           Defendants.

_____/

Case No. 08-11731

Stephen J. Murphy, III
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 20)**
**PLAINTIFF'S "MOTION TO SET ASIDE RULING OF**
**DEFENDANTS MOTION FOR SUMMARY JUDGMENT" (Dkt. 25)**

## I.    PROCEDURAL HISTORY

Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections (MDOC), brings this action under 42 U.S.C. § 1983, claiming a violations of his rights under the United States Constitution.  (Dkt. 1).  Plaintiff alleges that he has been subject to unconstitutional harassment and retaliation, based on his sexual preference.  *Id*.  On July 2, 2008, this case was referred to the undersigned for all pretrial purposes by the District Court.  (Dkt. 17).

On September 5, 2008, defendants filed a motion for summary judgment. (Dkt. 20).  The Court ordered plaintiff to file a response to defendants' motion for

1

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Additional Time
*McDonald v. Briggs*; 08-11731

summary judgment by October 16, 2008.  (Dkt. 22).  On September 30, 2008, plaintiff filed a "Motion to Set Aside Ruling of Defendants Motion for Summary Judgment."  (Dkt. 25).  The undersigned construes plaintiff's submission as both a response to defendants' motion for summary judgment and a motion for additional time to respond to some of the issues raised in defendants' motion.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion be **GRANTED** in part and **DENIED** in part, without prejudice, and that the claims against defendants Kelly and Lawrence be **DISMISSED**, with prejudice.  The undersigned further **RECOMMENDS** that plaintiff's motion for additional to respond to defendants' motion for summary judgment as set forth in plaintiff's "Motion to Set Aside Ruling of Defendants Motion for Summary Judgment" be **GRANTED**, and that plaintiff be given 30 days from the date of this Report and Recommendation to file a supplemental brief, as set forth below.

## II.   STATEMENT OF FACTS

### A.   <u>Complaint</u>

Plaintiff claims that defendants retaliated against him after he filed grievances against them for harassing and degrading him in front of other inmates and staff based on his sexual preference.  (Dkt. 1).  Plaintiff has sued all defendants

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Additional Time
*McDonald v. Briggs*; 08-11731

2

in both their personal and official capacities. (Dkt. 1, pp. 1, 3). Plaintiff seeks a declaration that defendants violated his constitutional rights and compensatory and punitive damages in excess of $10,000. (Dkt. 1). Plaintiff attached five grievances to his complaint. (Dkt. 1).

      B.    <u>Defendants' Motion for Summary Judgment</u>

Defendants first argue that plaintiff failed to exhaust his administrative remedies to defendants Lawrence and Kelly because he failed to name them in any of his grievances. (Dkt. 20, p. 11). Defendants argue that the "MDOC cannot read prisoners' minds, so grievances cannot be rejected for failure to list all relevant parties" and the "[f]ailure to reject grievances for not listing all parties being sued is not an endorsement of the grievance's procedural or substantive correctness." *Id*. Defendants also argue that plaintiff failed to exhaust his administrative remedies as to his claim in this suit because plaintiff claims that he was retaliated against *because* of the five grievances he filed on the defendants. Any retaliation would, according to defendants, by definition, have had to occur *after* those five grievances were filed. (Dkt. 20, p. 4). Therefore, the five grievances identified by plaintiff could not have contained claims of retaliation and because plaintiff did not file any further grievances exhausted through Step III, defendants argue that plaintiff clearly has not exhausted his claim. *Id*. On a related note, defendants also

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Additional Time
*McDonald v. Briggs*; 08-11731

3

argue that plaintiff has failed to state a retaliation claim because he has identified no adverse action and without adverse action, there is also a failure to causation. (Dkt. 20, p. 5).

Defendants Kelly and Lawrence assert that they are entitled to dismissal because plaintiff fails to establish that they had any personal involvement as required by § 1983. (Dkt. 20, pp. 5-6). Defendants assert that plaintiff's complaint does not contain any allegations against defendant Lawrence and he is, therefore, entitled to dismissal. Defendants also argue that the only allegations against defendant Kelly involve his supervisory authority over other defendants, which is insufficient for § 1983 liability. (Dkt. 20, p. 6).

Defendants also claim that they are entitled to Eleventh Amendment immunity and qualified immunity. (Dkt. 20, pp. 7-8). Defendants contend that a suit against a state employee in his official capacity is tantamount to a suit against the state itself and must be dismissed on the basis of Eleventh Amendment immunity. Thus, defendants assert that they enjoy Eleventh Amendment immunity in their official capacities. (Dkt. 20, p. 7). With respect to qualified immunity, defendants argue that they are unaware of any retaliatory activities and plaintiff has made only an unsupported, conclusory allegation of retaliation. Thus, defendants

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Additional Time
*McDonald v. Briggs*; 08-11731

4

argue that they did not violate the plaintiff's clearly established rights, did not act unreasonably, and that they are entitled to qualified immunity. (Dkt. 20, p. 8).

C.   Plaintiff's Response to Defendants' Motion for Summary Judgment and Motion for Additional Time to Respond

Plaintiff asserts that defendants falsely state that he failed to exhaust his administrative remedies, as evidenced by the fully exhausted grievances submitted by plaintiff. (Dkt. 25, p. 2). Plaintiff also concedes that defendants Kelly and Lawrence are entitled to dismissal based on a lack of personal involvement. *Id*. Plaintiff also moves for additional time to fully brief his respond to defendants' claim that he failed to state a claim for retaliation and to respond to defendants' immunity defenses. *Id*.

## III.   DISCUSSION

In light of plaintiff's response and motion, the undersigned suggests that the District Court dismiss defendants Kelly and Lawrence. The undersigned notes that plaintiff requested additional time to brief certain issues. This request was overlooked and, while plaintiff has had substantial time since his "Motion to Set Aside Ruling of Defendants Motion for Summary Judgment" was filed at the end of September, the undersigned suggests that plaintiff's motion be granted and that plaintiff be given 30 days from the date this Report and Recommendation is issued

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Additional Time
*McDonald v. Briggs*; 08-11731

5

in which to file a supplemental response to defendants' motion for summary judgment. Should plaintiff fail to do so, defendants' motion as to plaintiff's retaliation claim and defendants' immunity defenses will be decided based solely on the submissions already filed by the parties. Plaintiff's supplemental briefing may also shed additional light on the exhaustion issues in this case, and thus, the undersigned recommends that the merits of defendants' exhaustion defense be determined when the merits of the retaliation claim and immunity defenses are addressed.

## IV.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendants' motion be **GRANTED** in part and **DENIED** in part, without prejudice, and that the claims against defendants Kelly and Lawrence be **DISMISSED**, with prejudice. The undersigned further **RECOMMENDS** that plaintiff's motion for additional to respond to defendants' motion for summary judgment as set forth in plaintiff's "Motion to Set Aside Ruling of Defendants Motion for Summary Judgment" be **GRANTED**, and that plaintiff be given 30 days from the date of this Report and Recommendation to file a supplemental brief as set forth above.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service,

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Additional Time
*McDonald v. Briggs*; 08-11731

6

as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Additional Time
*McDonald v. Briggs*; 08-11731

7

Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

s/Michael Hluchaniuk       

Date: March 3, 2009                 Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on <u>March 3, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following:  <u>Clifton B. Schneider</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Lawrence McDonald, # 358328, CARSON CITY CORRECTIONAL FACILITY, Post Office Box 5000, Carson City, MI 48811-5000</u>.

s/Darlene Chubb       
Judicial Assistant
